CLD-088                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3980
_____

BILLY RAY SMITH,
Appellant

v.

UNITED STATES OF AMERICA
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 10-cv-00500)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 26, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

       Billy Ray Smith, a federal inmate, appeals *pro se* from the District Court's final

order dismissing his complaint as legally frivolous.  Smith first filed his complaint on

March 5, 2010. To the extent this complaint articulated any grievance, it appeared to claim that Smith's incarceration has been orchestrated via a far-reaching conspiracy—all in an effort to obtain "kickbacks" for various governmental officials by deliberately misspelling his name on court filings. Smith offered nothing in support of this bizarre claim. Smith failed to provide addresses for the seventy-one named defendants and, in an order pursuant to 28 U.S.C. § 1915(e)(2) dated March 31, 2010, Smith was directed to file an amended complaint that complied with the Federal Rules of Civil Procedure.[1]

On April 16, 2010, Smith filed a motion to amend his complaint as well as an amended complaint. In his motion to amend, Smith omitted all of the previously named defendants, and instead proceeded pursuant to the Federal Torts Claims Act (FTCA) against the United States alone. The amended complaint consisted of a list of various statutes, as well as Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), pursuant to which Smith sought relief, along with records of various administrative grievances and appeals. Neither his motion to amend nor the amended complaint—nor any of Smith's numerous other filings—provided clear factual allegations regarding any claim. The District Court dismissed Smith's claims in September, 2010, holding that he failed to

---

[1] Smith filed an earlier, related appeal from the March 31, 2010 order, see C.A. No. 10-2025, which was dismissed for failure to timely prosecute as Smith failed to pay the requisite filing fee.

assert a claim upon which relief could be granted and that further amendment would be futile.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Our review of the record reveals no error in the District Court's analysis. Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under even the most generous reading, Smith's filings do not do so. The District Court was therefore correct to dismiss the action pursuant to 28 U.S.C. § 1915(e)(2).

We are satisfied that any further amendment to Smith's Complaint would have been futile, and thus the District Court properly dismissed without leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

[2] In an order dated May 12, 2010, the Magistrate Judge to whom this matter was assigned denied Smith's motion for appointment of counsel. This was not error. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). For the same reason, Smith's motion for appointment of appellate counsel is also denied.

3

As the appeal presents no substantial question, we will summarily affirm the judgment below.  <u>See</u> 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.  Smith's motion for appointment of counsel is denied.